IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. JOHNSON, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>R. MACHUCA, JR., et al.,<br><br>    Defendants. | No. C 13-00596 EJD (PR)<br><br>ORDER DISMISSING CLAIMS<br>AGAINST DEFENDANT A. ARREOLA |

Plaintiff, a California inmate, filed a civil rights case against officials at Salinas Valley State Prison ("SVSP").[1] The Court ordered service upon the named Defendants at SVSP. (Docket No. 8.) On June 10, 2013, Litigation Coordinator G. Lopez sent a letter to the Court indicating that Defendant A. Arreola was not located in the personnel database as ever being employed at SVSP. (Docket No. 17.) On August 14, 2013, the Court ordered Plaintiff to file a notice providing the Court with an accurate and current address for Defendant A. Arreola such that the Marshal is able to effect service. (Docket No. 26.) Plaintiff was advised that failure to provide the Court with an accurate and current address for Defendant A. Arreola within thirty would result in the claims against

---

[1] Plaintiff's case was originally filed in Monterey Superior Court and was removed to this Court by Defendants.

Order Dismissing Claims against Defendant A. Arreola
G:\PRO-SE\EJD\CR.13\00596Johnson_dism_Arreola.wpd

1  Defendant A. Arreola being dismissed pursuant to Rule 4(m) of the Federal Rules of Civil
2  Procedure.  The Court further directed the Clerk to send a request to the Litigation
3  Coordinator of SVSP to provide the current employment status for Defendant A. Arreola
4  and any available forwarding address, or notice that such information is not available.
5  (Id.)  Litigation Coordinator G. Lopez has notified the Court that Defendant A. Arreola
6  "has never worked at SVSP" and there is "no one by that name" in the personnel
7  database.  (Docket No. 37.)

8  Although a plaintiff who is incarcerated and proceeding in forma pauperis may
9  rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to
10 effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon
11 the appropriate defendant and attempt to remedy any apparent defects of which [he] has
12 knowledge."  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, Plaintiff's
13 complaint has been pending for over 120 days, and he has failed to show "good cause," as
14 to why his claims against this defendant should not be dismissed.  See Fed. R. Civ. P.
15 4(m).  Plaintiff has not provided sufficient information to allow the Marshal to locate and
16 serve Defendant A. Arreola.  Accordingly Plaintiff's claims against this Defendant A.
17 Arreola are **DISMISSED** without prejudice.

19 DATED:   9/25/2013
         EDWARD J. DAVILA
20       United States District Judge

Order Dismissing Claims against Defendant A. Arreola
G:\PRO-SE\EJD\CR.13\00596Johnson_dism_Arreola.wpd          2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY W. JOHNSON, JR.,        Case Number CV 13-00596 EJD (PR)

    Plaintiff,

  v.        **CERTIFICATE OF SERVICE**

R. MACHUCA, JR., et al.,

    Defendants.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____9/25/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Anthony Wayne Johnson**
F58411
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

DATED: _____9/25/2013_____

                        Richard W. Wieking, Clerk
                        /s/ By: Elizabeth Garcia, Deputy Clerk