IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. JOHNSON, JR., | No. C 13-00596 EJD (PR) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PROVIDE THE COURT WITH MORE INFORMATION FOR DEFENDANT T. SUMBLIN |
| v. | |
| R. MACHUCA, JR., et al., | |
| Defendants. | |

On February 11, 2013, Defendants filed a notice of removal to federal court, removing Plaintiff's civil complaint against officials at Salinas Valley State Prison ("SVSP") from Monterey Superior Court to this Court. Plaintiff is a California inmate currently incarcerated at the High Desert State Prison. On May 23, 2013, the Court ordered service of Plaintiff's complaint upon the named defendants. (See Docket No. 8.) On July 19, 2013, the Litigation Coordinator at SVSP sent a letter to the Court stating that Defendant T. Sumblin had resigned. (Docket No. 21.) At the Court's request, the Litigation Coordinator provided the last known address for Defendant T. Sumblin. (Docket No. 35.) The next day, the Clerk reissued the Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant Sumblin. (Docket No. 36.) On November 5, 2013, after having received no response from Defendant T. Sumblin, the Court directed

the Clerk to issue a summons to Defendant T. Sumblin. (Docket No. 43.) On November 29, 2013, the summons was returned unexecuted because Defendant T. Sumblin no longer lived at the address to which the summons was issued. (Docket No. 48.) Accordingly, Defendant T. Sumblin has not been served.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant T. Sumblin, Plaintiff must remedy the situation or face dismissal of his claims against these defendant without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, Plaintiff must provide the Court with an accurate and current address for Defendant T. Sumblin such that the Marshal is able to effect service.

Plaintiff must file a notice providing the Court with an accurate and current address for **Defendant T. Sumblin** such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with an accurate and current address for Defendant T. Sumblin **within thirty (30) days** of the date this order is filed, Plaintiff's claims against this Defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

DATED: 12/23/13

EDWARD J. DAVILA
United States District Judge